Michael S. Warda, CSB# 176360
MICHAEL S. WARDA,
A Professional Law Corporation
2350 W. Monte Vista Avenue
Turlock, California 95382
Telephone: (209) 667-1889
Fax: (209) 667-1809

Attorney for Plaintiff, DANNY CRAIN, an individual

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CRAIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ATWATER POLICE DEPARTMENT; CITY OF ATWATER; OFFICER DAVID WALKER; OFFICER JOSE TORRES; CHIEF FRANK PIETRO and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff, DANNY CRAIN, an individual, (hereinafter referred to as "Plaintiff"), complains of Defendants, ATWATER POLICE DEPARTMENT; CITY OF ATWATER; OFFICER DAVID WALKER; OFFICER JOSE TORRES; CHIEF FRANK PIETRO; and DOES 1 through 50, inclusive, and is informed and believes and thereon alleges as follows:

## JURISDICTION

1. This court has jurisdiction over Plaintiffs' federal civil rights action pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction to hear Plaintiffs' related claims arising under California law pursuant to 28 U.S.C. § 1367.

2. The acts and omissions complained of herein occurred in Atwater, California and therefore the proper venue for this action is the Eastern District of California in Fresno, California

## DEMAND FOR JURY TRIAL

3. Plaintiff demands a jury trial.

## IDENTIFICATION OF PARTIES

4. Plaintiff, DANNY CRAIN ("CRAIN") is and at all times herein mentioned is a resident of Merced County, State of California.

5. Defendant, CITY OF ATWATER (hereinafter referred to as "CITY") is a governmental entity under the laws of the State of California, to wit, a county government.

6. Defendant, ATWATER POLICE DEPARTMENT ("APD") is and at all times mentioned in this complaint is a Governmental Entity in Merced County, State of California.

7. Defendant, OFFICER DAVID WALKER (hereinafter referred to as "WALKER") was at all relevant times an officer of Atwater Police Department and he committed the acts and omissions complained of herein while acting within his duties as an

2

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

officer. He is sued in his individual capacity.

8. Defendant, OFFICER JOSE TORRES (hereinafter referred to as "TORRES") was at all relevant times an officer of Atwater Police Department and he committed the acts and omissions complained of herein while acting within his duties as an officer. He is sued in his individual capacity.

9. Defendant, CHIEF FRANK PIETRO (hereinafter referred to as "PIETRO" or "CHIEF FRANK PIETRO") was at all relevant times an officer of Atwater Police Department and he committed the acts and omissions complained of herein while acting within his duties as an officer. He is sued in his individual capacity

10. Plaintiff does not presently know the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe that each of these defendants is an agent and employee of defendants and proximately caused Plaintiff's damages as herein alleged while acting in such capacity.

11. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned all Defendants, including DOES 1 through 50, inclusive, (i) were and are citizens of California, (ii) jointly perpetrated the acts described herein with their co-defendants, (iii) were the successors in interest to, or agents, alter egos, principals, co-tenants, partners, joint venturers, or co-conspirators of their co-defendants in doing the things herein alleged, (iv) have an interest in the property which is the subject of this complaint, and (v) were acting within the scope of their authority or in furtherance of a common scheme or design with the knowledge, permission, consent or ratification of their co-defendants in doing the things herein

alleged, and therefore, are liable, jointly and severally, for all damages and other relief or remedies sought by plaintiff in this action.

## GOVERNMENT TORT CLAIM

12. Plaintiff has complied with the necessary administrative procedures and filed a claim form with the City of Atwater on or about September 15, 2014. A true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference.

13. The CITY notified Plaintiff on or about December 17, 2014, that the claims Plaintiff presented to the CITY were rejected by the City of Atwater. A true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by this reference.

## COLOR OF LAW

14. All Defendants acted under color of law in committing the acts and omissions complained of herein.

## PUNITIVE DAMAGES

15. In committing the acts and omissions complained of herein, all individual and corporate Defendants acted with malice, oppression and deliberate and reckless disregard for Plaintiff's civil rights and personal safety. Plaintiff is thus entitled to an award of punitive damages against each of them.

## GENERAL ALLEGATIONS/ STATEMENT OF FACTS

16. On March 20, 2014 at approximately 5:20 p.m., Elizabeth Fraguglia called for assistance via the Merced County 911 Emergency Dispatch in regards to a disturbance being caused by CRAIN at her residence.

17. Plaintiff was experiencing depression, and under the influence of a narcotic.

///

4

18. WALKER and TORRES of the Atwater Police Department arrived to the residence of Ms. Fraguglia located at 20165 American Avenue, Hilmar, California (the "Residence").

19. When confronting CRAIN, WALKER and TORRES ordered CRAIN to the ground and CRAIN complied.

20. WALKER and TORRES allege that thereafter, CRAIN stood and attempted to rush at WALKER and TORRES with a knife in his hand.

21. Rather than calmly addressing CRAIN in an effort to subdue him, WALKER and TORRES aggravated the intense circumstances which in turn led CRAIN to believe that WALKER and TORRES were intending to harm CRAIN.

22. In fear and under the influence of a narcotic substance, CRAIN stood and held his knife but was never within 20 feet of WALKER and TORRES. WALKER and TORRES have also alleged that CRAIN was wielding a knife.

23. WALKER and TORRES shot CRAIN with a hand gun and an assault type rifle striking CRAIN approximately 8 timeS with bullets from the two weapons from approximately 20 feet away.

## DAMAGES

24. As a consequence of Defendants actions, CRAIN was and is still physically, mentally, emotionally injured and damaged as a proximate result of being shot by WALKER and TORRES.

///

///

///

5

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

### FIRST CAUSE OF ACTION

### (42 U.S.C. Section 1983)

**Use of Excessive Force, and Violation of Decedent's Right to Personal Safety & Security – 4th and 14TH Amendment**

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24, above.

26. WALKER and TORRES's shooting of CRAIN constitutes seizures under the Fourth and Fourteenth Amendments to the United States Constitution. WALKER and TORRES's shooting was unlawful, unnecessary and objectively unreasonable under the circumstances and constituted excessive force in violation of the United States Constitution. WALKER and TORRES's unnecessary use of excessive, potentially deadly force against CRAIN, who was at a sufficient distant from WALKER and TORRES to not pose an immediate threat was objectively unreasonable under the circumstances, and clearly constitutionally excessive. The excessive nature of this use of force is obvious and well established, and any reasonable police officer should have known that he was not entitled to repeated shoot CRAIN.

27. WALKER and TORRES used unreasonable and excessive force against CRAIN thereby proximately causing him serious injury and death in violation of his Fourth and Fourteenth Amendment rights.

28. As a proximate and direct result of Defendants' conduct, Plaintiff suffered injuries and damages in an amount to be proven at trial.

WHEREFORE Plaintiff sues for relief as set forth below.

///

6

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

## SECOND CAUSE OF ACTION

**Violation of Civil Rights: 42 U.S.C. Section 1983 - Monell**

**(Failure to Adequately Train, Supervise and Discipline Staff By CRAIN against Defendants, CITY, ATWATER POLICE DEPARTMENT and CHIEF FRANK PIETRO)**

29. Plaintiff incorporates by reference as if fully set forth below all allegations set forth in paragraphs 1 through 28, above.

30. At all relevant times, the CITY, ATWATER POLICE DEPARTMENT and CHIEF FRANK PIETRO had a duty arising under the Fourth and Fourteenth Amendment to the United States Constitution to adequately train, supervise and discipline Police's Personnel, including WALKER and TORRES, in the appropriate use of force, appropriate arrest powers, and in order to safeguard the health and safety of persons detained or under arrest.

31. Said Defendants were deliberately indifferent to their duties to properly train, and discipline staff thereby proximately causing substantial injury to CRAIN.

32. Plaintiff alleges that had proper training and reasonable discipline been in force, there would have been no force used whatsoever on the night in question. The fact that WALKER and TORRES repeatedly shot CRAIN to causing unnecessary injury is a direct consequence of the failures of WALKER and TORRES's superiors as discussed herein.

33. As a proximate and direct result of Defendants' conduct, Plaintiff suffered injuries and damages in an amount to be proven at trial.

WHEREFORE Plaintiff sues for relief as set forth below.

///

///

7

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

## THIRD CAUSE OF ACTION

(Assault)

(Against Defendants WALKER and TORRES)

34. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 33 of this Complaint.

35. The parallel cause of action in California for excessive force is a cause of action for assault and battery. California Penal Code Sections 240 and 242. Consequently, Plaintiff alleges an alternative pendent State law claim for assault and battery, incorporating the allegations contained in Paragraphs 16 through 35 by reference.

36. WALKER and TORRES committed assault and battery on Crain when they knowing, intentionally and or recklessly caused Crain to be shot. WALKER and TORRES assault conduct was committed intentionally, knowingly, and/or recklessly, and was the proximate cause of physical and emotional injuries to the CRAIN. Said injuries were the direct and immediate consequence of WALKER and TORRES's wrongful acts and a natural and direct result of the assault.

37. At no time were WALKER and TORRES privileged to take the action, as excessive force was not necessary under the circumstance.

WHEREFORE, Plaintiff sues for relief as follows:

## FOURTH CAUSE OF ACTION

(Negligence)

(Against Defendants WALKER and TORRES, CITY and PIETRA)

38. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint, except for any and all allegations of intentional, malicious, extreme,

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

39. Defendants by and through their respective agents and employees, proximately caused great bodily injury to CRAIN as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

40. As an actual and proximate result of said Defendants' negligence, and the injury to CRAIN, CRAIN has sustained bodily injury, loss of earning potential, emotional distress and pecuniary loss resulting from the injury to CRAIN, in an amount according to proof at trial.

41. As a proximate result of Defendants' conduct, Plaintiff suffered injuries and damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

**(Violation of Decedent's Right To Enjoy Civil Rights)**

**(Violation of CALIFORNIA CIVIL CODE §52.1)**

**(By Plaintiff Against All Defendants)**

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 of this complaint.

43. Defendant's above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiffs' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

44. As a proximate result of Defendants' conduct, Plaintiff suffered injuries and damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Intentional and Negligent Infliction of Emotional Distress)

### (Against All Defendants)

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 of this Complaint.

46. Defendants' above-described conduct was extreme, unreasonable and outrageous.

47. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that CRAIN would suffer extreme emotional distress as a result of Defendants' conduct.

48. As a proximate result of Defendants' conduct, CRAIN suffered injuries and damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Against All Defendants)

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 of this complaint.

50. CRAIN watched in horror as WALKER and TORRES repeatedly shot him.

51. As a proximate result of Defendants' conduct, CRAIN suffered injuries and damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

## PRAYER FOR RELIEF

1. Compensatory damages in an amount according to proof;

2. Special damages according to proof at trial;

3. Punitive damages according to proof at trial;

4. Attorney's fees and costs of suit pursuant to 42 U.S.C. section 1988;

5. All other relief to which Plaintiffs may be entitled under law.


Dated: April 15, 2015

MICHAEL S. WARDA,
A Professional Law Corporation

By: _____
Michael S. Warda, Esq.
Attorney for Plaintiff

11

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES